## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **ALLEN MORRISON, Individually and For Others Similarly Situated,**<br><br>v.<br><br>**OMEGA PROJECT SOLUTIONS, INC.** | Case No. 4:20-cv-00344<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1. Omega Project Solutions, Inc. (Omega) failed to pay Allen Morrison (Morrison) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Omega paid Morrison and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Morrison brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Omega's United States headquarters are in Houston, Texas, in this District and Division.

### THE PARTIES

7. During the relevant period, Morrison was an hourly employee of Omega.

8. Throughout his employment with Omega, Morrison was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

9. His written consent is attached herein as Exhibit A.

10. Morrison brings this action on behalf of himself and other similarly situated workers who were paid by Omega's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Omega during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

12. Morrison seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13. Omega may be served with process by serving its registered agent, the Law Offices of Kevin Michaels, PC at 16000 Barkers Point Lane, Suite 208, Houston, Texas 77079.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Omega was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Omega was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Omega was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Omega has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

18. At all times hereinafter mentioned, Morrison and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

19. Omega provides staffing solutions to projects ranging from engineering, power industry, oil and gas, and infrastructure and buildings.

20. In order to provide services to its clients, Omega hires employees it pays on an hourly basis.

21. Morrison worked for Omega as a Quality Manager.

22. Morrison was paid $72 an hour for every approved hour worked.

23. Morrison was employed by Omega from March 2014 to March 2017.

24. Morrison was an hourly employee of Omega.

25. Morrison was not paid a guaranteed salary.

26. Morrison was staffed by Omega to Phillips 66 in Sweeny, Texas.

27. Morrison reported the hours he worked to Omega on a regular basis.

28. If Morrison worked under 40 hours, he was only paid for the hours he worked.

29. But Morrison would regularly work more than 40 hours in a week.

30. In fact, Morrison routinely worked 60 or more hours a week.

31. The hours Morrison worked are reflected in Omega's payroll records.

32. Omega paid Morrison the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

33. Omega did not pay Morrison overtime for all hours worked in excess of 40 hours in a single workweek.

34. Rather than receiving time and half as required by the FLSA, Morrison only received "straight time" pay for overtime hours worked.

35. This "straight time for overtime" payment scheme violates the FLSA.

36. Omega was aware of the overtime requirements of the FLSA.

37. Omega nonetheless failed to pay certain hourly employees, such as Morrison, overtime.

38. Morrison and the Putative Class Members perform job duties in furtherance of the power, engineering, project management, and oil and gas industry business sectors and are subjected to similar compensation practices.

39. Morrison and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

40. Morrison and the Putative Class Members regularly worked in excess of 40 hours each week.

41. Omega did not pay Morrison and the Putative Class Members on a salary basis.

42. Omega paid Morrison and the Putative Class Members "straight time for overtime."

43. Omega failed to pay Morrison and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

44. Omega knew, or acted with reckless disregard for whether, Morrison and the Putative Class Members were paid in accordance with the FLSA.

45. Omega's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. The illegal pay practices Omega imposed on Morrison were imposed on the Putative Class Members.

47. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

48. Numerous other individuals who worked with Morrison were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

49. Based on his experiences and tenure with Omega, Morrison is aware that Omega's illegal practices were imposed on the Putative Class Members.

50. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

51. Omega's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

52. Morrison's experiences are therefore typical of the experiences of the Putative Class Members.

53. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

54. Morrison has no interests contrary to, or in conflict with, the Putative Class Members.

55. Like each Putative Class Member, Morrison has an interest in obtaining the unpaid overtime wages owed under federal law.

56. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Omega.

57. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Omega will reap the unjust benefits of violating the FLSA.

59. Furthermore, even if some Putative Class Members could afford individual litigation against Omega, it would be unduly burdensome to the judicial system.

60. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Omega, and to the Court.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

62. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Omega required Morrison and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether Omega's decision to pay Morrison and the Putative Class Members straight time for overtime was made in good faith;

    c. Whether Omega paid Morrison and the Putative Class Members on a salary basis;

      d.      Whether Omega failed to pay Morrison and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

      e.      Whether Omega's violation of the FLSA was willful; and

      f.      Whether Omega's illegal pay practices were applied to Morrison and the Putative Class Members.

63. Morrison and the Putative Class Members sustained damages arising out of Omega's illegal and uniform employment policy.

64. Morrison knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

65. Morrison will fairly and adequately represent and protect the interests of the Putative Class Members.

66. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

67. By failing to pay Morrison and the Putative Class Members overtime at one-and-one-half times their regular rates, Omega violated the FLSA's overtime provisions.

68. Omega owes Morrison and the Putative Class Members overtime pay at the proper overtime rate.

69. Because Omega knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Omega owes these wages for at least the past three years.

70. Omega is liable to Morrison and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

71. Morrison and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

72. Morrison demands a Jury trial.

## PRAYER

73. Morrison prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b. A judgment finding Omega liable to Morrison and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

          **Richard J. (Rex) Burch**
          State Bar No. 24001807
          **BRUCKNER BURCH, PLLC**
          8 Greenway Plaza, Suite 1500
          Houston, Texas 77046
          713-877-8788 – Telephone
          713-877-8065 – Facsimile
          rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**