UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN MORRISON, Individually and | § | |
| for Others Similarly Situated, | § | |
| *Plaintiffs*, | § | Civil Action No. 4:20-cv-00344 |
| | § | |
| v. | § | |
| | § | |
| OMEGA PROJECT SOLUTIONS, INC. | § | Jury Demanded |
| *Defendant*. | § | |

**AMENDED JOINT AND AGREED**
**MOTION FOR APPROVAL OF CONFIDENTIAL AGREEMENT**

Plaintiff Allen Morrison ("Plaintiff" or "Morrison"), Opt-In Plaintiffs Richard Childs ("Childs"), Austin Cumin ("Cumin"), Benny Garza ("B. Garza"), Ezekial Garza ("E. Garza"), Jason Herring ("Herring"), David Hubbard ("Hubbard"), Donald Keller ("Keller"), Laura Kindred ("Kindred"), William Payne ("Payne"), Catherine Peddie ("Peddie"), Lynwood Pickens ("Pickens"), Gary Potts, Sr. ("Potts"), Christopher Richardson ("Richardson"), Matthew Sanchez ("Sanchez"), Cynthia Smith ("Smith"), Robert Suber ("Suber"), Liem Tran ("Tran"), and Daniel Walsh ("Walsh") (collectively, "Opt-In Plaintiffs"); and Defendant Omega Project Solutions, Inc. ("Defendant" or "Omega") (collectively, the "Parties"), by and through their undersigned counsel, hereby jointly move the Court for approval of the Confidential Agreement (the "Agreement") filed under seal as Exhibit A [Doc. 48] to the Parties' Joint Motion to File Confidential Agreement Under Seal [Doc. 47].[1] Contingent upon this Court's approval of the Agreement, the Parties agree to stipulate to the dismissal, with prejudice, of Plaintiff and Opt-In Plaintiffs' claims against Omega pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

---

[1] Due to the order of filing, this Amended Joint and Agreed Motion for Approval of Confidential Agreement is being filed to correct the document numbers referenced in the Motion and Proposed Order.

## RELEVANT BACKGROUND

Plaintiff filed his Original Complaint on January 30, 2020. [Doc. 1] (the "Complaint"). Plaintiff's Complaint alleges that Defendant failed to pay overtime for all hours worked in excess of 40 hours in a single workweek and paid "straight time" rather than time and a half as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 *et seq.* [Doc. 1, ¶¶ 32-35, 42-43]. Defendant filed its Original Answer and Defenses to Plaintiff's Complaint on February 24, 2020. [Doc. 11]. On July 17, 2020, conditional certification was granted. Opt-In Plaintiffs filed their Notices of Consent to Join between January 31, 2020 and October 9, 2020 [Docs. 7-1, 7-2, 7-3, 34-2, 34-4, 34-5, 34-6, 34-7, 34-8, 35-1, 35-2, 36-1, 37-2, 37-3, 38-1, 38-3, 39-1, 40-1]. In its Answer, Defendant denied Plaintiff and Opt-In Plaintiffs' claims and asserted various defenses. On or about January 6, 2021, the Parties reached an agreement to resolve all claims in this case. A true and correct copy of the resulting confidential Agreement is attached under seal as Exhibit A [Doc. 48] to the Parties' Joint Motion to File Confidential Agreement Under Seal. As part of the agreement, Brian Ahlefeld, Mitchell Green, Chris A. Kasper, Elvin Leahman, Jr., Joe Lee McBee, and Matthew W. Robinson withdrew their consents from this lawsuit. The Parties and their respective Counsel agree the confidential Agreement is a fair and reasonable compromise of the claims alleged by Plaintiff and Opt-In Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to the Parties.

Given that this case involves claims under the FLSA, and because the terms of the Agreement constitute a fair and reasonable compromise, the Parties seek entry of an order approving the release of the FLSA claims provided for in the Agreement.

## CITATION OF AUTHORITY

FLSA claims may be compromised after the court reviews and approves a resolution in a private action for back wages under 29 U.S.C. § 216(b).[2] The primary focus of the Court's inquiry in deciding whether to approve the resolution of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action but rather "the Court primarily focuses on ensuring that an employer does not take advantage of its employees" in resolving their claim for wages.[3] When a court scrutinizes an FLSA resolution, "it must determine that the compromise is fair and reasonable resolution of a bona fide dispute over the FLSA's provisions."[4] The Agreement agreed to by the Parties is a fair and reasonable resolution to this case because uncertainty exists in this case with respect to the disputes of fact and law as well as liability.[5]

## ARGUMENTS FOR RELEASE OF FLSA CLAIMS

Plaintiff and Opt-In Plaintiffs allege they were not compensated at time and a half for all hours worked in excess of forty (40) in a single work week. [*See* Doc. No. 1]. Plaintiff and Opt-In Plaintiffs further allege that Defendant willfully violated these obligations and that they are entitled to unpaid overtime, liquidated damages, and attorney's fees. *Id.*

By contrast, Defendant vehemently disputes that Plaintiff and Opt-In Plaintiffs are entitled to any recovery and asserts there is no evidence to support liquidated damages. Defendant asserts

---

[2] *Pedigo v. Austin Rumba, Inc.,* 722 F.Supp.2d 714, 736 (W.D. Tex. 2010) (quoting *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct.7, 2009)).

[3] *Sims v. Hous. Auth. City of El Paso,* EP-10-CV-109-PRM, 2012 WL 10862119, at *2 (W.D. Tex. Feb.29, 2012).

[4] *Domingue v. Sun Elec. & Instrumentation, Inc.,* No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010).

[5] *Abernathy v. Becon Constr. Co., Inc.*, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016) ("If a settlement reflects a 'reasonable compromise over issues', the court may approve it…The Fifth Circuit has stated that a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.").

multiple affirmative defenses and also asserts Plaintiff and Opt-In Plaintiffs were not entitled to overtime because they are exempt from the FLSA's overtime requirements. [*See* Doc. No. 11]. Defendant further denies that Plaintiff and Opt-In Plaintiffs are entitled to liquidated damages because Defendant acted in good faith at all times within the meaning of the FLSA and therefore Plaintiff and Opt-In Plaintiffs cannot recover liquidated damages. *Id.*

If this matter is not resolved, the Parties intend on engaging in extensive discovery and Defendant intends on filing motions to address its defenses in preparation for trial and to proceed to trial, if needed. Therefore, the resolution of this matter represents a reasonable compromise based on the alleged unpaid overtime wages of Plaintiff and Opt-In Plaintiffs and attorney's fees and costs, and is commensurate with the disputed nature of Plaintiff and Opt-In Plaintiffs' claims.

Given the above bona fide disputes surrounding liability and damages, including a dispute over the classification of Plaintiff and Opt-In Plaintiffs and overtime due to Plaintiff and Opt-In Plaintiffs, the Parties believe the instant agreement is fair and reasonable under the facts and circumstances of this particular case. Accordingly, the Parties respectfully request that this Court sign the attached order approving the Agreement.

## RELEASE BY PLAINTIFF AND OPT-IN PLAINTIFFS

In reviewing an agreement to resolve a FLSA dispute, the Court "primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."[6] The Court presumes that an agreement is "fair, particularly when the agreement was the result of an adversarial proceeding."[7] In assessing whether an agreement is fair and reasonable, courts reference six factors:

1) whether the agreement was a product of fraud or collusion;

---

[6] *Sims,* 2012 WL 10862119, at *2.
[7] *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050 at *2 (S. D. Tex. January 31, 2018).

2) the complexity, expense, and likely duration of the litigation;
3) the stage of the proceedings and the amount of discovery completed;
4) the factual and legal obstacles [to] prevailing on the merits;
5) the possible range of recovery and the certainty of damages; and
6) the respective opinions of the participants, including class counsel, class
   representative, and the absent class members.[8]

Here, Plaintiff and Opt-In Plaintiffs are represented by experienced counsel who have engaged in arms-length and extended negotiations. Plaintiff and Opt-In Plaintiffs consulted with their counsel regarding the Agreement; each Opt-In Plaintiff consented to having Plaintiff and Plaintiff's counsel make all decisions regarding the litigation, including all decisions regarding resolution, the terms of resolution and release of claims, and agreements regarding attorney's fees and costs; and Plaintiff signed the Agreement resolving this matter on behalf of himself and all Opt-In Plaintiffs with full knowledge of the respective releases involved and confirming that he "freely and voluntarily agrees to abide by the terms of [the] Agreement; and he has not been coerced in any way into signing this Agreement."[9] Since there is no evidence of fraud or collusion, the first factor weighs in favor of the Agreement.

With regard to the second and third factors, if the case were to proceed, further motions would be required to address the issues in this litigation and additional preparation would be required for trial. Additionally, discovery is needed, as discovery has been focused on precertification; merits based discovery has been minimal in this case to date. For example, although both parties have responded to initial written discovery, written discovery is not complete and neither party has conducted depositions. In light of the same, the Agreement will avoid potentially costly litigation. Therefore, the second and third factors weigh in favor of the Agreement.

---

[8] *See id.*
[9] *See* pg. 10 of Exhibit A [Doc. No. 48].

As to the fourth and fifth factors, the Parties maintain their positions in this case and believe they are viable and intend to forcefully litigate this case in the absence of an agreement to resolve this dispute. Further, Defendant maintains that Plaintiff and Opt-In Plaintiffs are not entitled to any recovery and there is a possibility that Plaintiff and Opt-In Plaintiffs could receive no recovery at all. Therefore, the benefit provided for Plaintiff and Opt-In Plaintiffs in the Agreement weighs in favor of the Agreement.

With regard to the sixth factor, both counsel believe, based on their comprehensive knowledge of the facts and legal issues, that the Agreement is fair, reasonable, and adequate. Opt-In Plaintiffs consented to having Plaintiff and Plaintiff's counsel make all decisions regarding the litigation, including all decisions regarding resolution, the terms of a resolution and release of claims, and agreements regarding attorney's fees and costs. Plaintiff has authority to sign the Agreement on behalf of himself and all Opt-In Plaintiffs, and has signed off and agreed to the terms of the Agreement. Plaintiff has indicated he "understands [the Agreement's] contents" and freely and voluntarily agrees to abide by the terms.[10] Since counsel and the parties they represent are of the opinion that the Agreement should be entered, the sixth factor weighs in favor of the Agreement.

In his Complaint, Plaintiff makes a wage and hour claim against Defendant on his behalf and on behalf of the Opt-In Plaintiffs. The release in the Agreement with regard to Plaintiff and Opt-In Plaintiffs' FLSA claims includes "wage and hour claims, such as the FLSA claims asserted in the Lawsuit."[11] The "wage and hour" claims released bear relation to the claims asserted under the FLSA. The FLSA claims released in this matter are not broader than the FLSA claims that

---

[10] *See id.*

[11] *See* pgs. 3-4 of Exhibit A [Doc. 48] (Sections 4-6, Release of All Wage and Hour Claims).

Plaintiff and Opt-In Plaintiffs could have asserted in the pending wage and hour dispute. Additionally, in exchange for additional monetary consideration, Plaintiff Morrison has agreed to release any non-FLSA claims he may have against Defendant as provided for in the Agreement.

Given the above bona fide disputes surround liability and damages, including a dispute over the wage and hours worked by Plaintiff and Opt-In Plaintiffs, the Parties believe the confidential Agreement is fair and reasonable under the facts and circumstances of this particular case. Accordingly, the Parties request that this Court sign the attached order approving the Agreement filed under seal as Exhibit A [Doc. 48] to the Parties' Joint Motion to File Confidential Agreement under Seal.

## CONCLUSION

Accordingly, the Parties respectfully request the Court approve the confidential Agreement and enter an order granting approval of the same and dismiss this case and Defendant Omega Project Solutions, Inc. with prejudice.

Respectfully submitted,

JOSEPHSON DUNLAP, LLP

By: ___ */s/ Richard M. Schreiber\** 
       **Michael A. Josephson**
       State Bar No. 24014780
       Federal ID No. 27157
       **Andrew W. Dunlap**
       State Bar No. 24078444
       Federal ID No. 1093163
       **Richard M. Schreiber**
       State Bar No. 24056278
       Fed ID No. 705430
       **JOSEPHSON DUNLAP, LLP**
       11 Greenway Plaza, Suite 3050
       Houston, Texas 77046
       713-352-1100 – Telephone
       713-352-3300 – Facsimile
       mjosephson@mybackwages.com
       adunlap@mybackwages.com

rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*\*signed with permission*

**ATTORNEYS FOR PLAINTIFF AND OPT-IN PLAINTIFFS**

- AND -

**CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & AUGHTRY, P.C.**

By:    */s/ Diana Pérez Gomez*
    **Diana Pérez Gomez**
    Texas Bar No. 24041674
    State Bar No. 24041674
    Federal ID No. 606231
    diana.gomez@chamberlainlaw.com
    **Leslie T. Tan**
    State Bar No. 24046998
    Federal ID No. 635202
    leslie.tan@chamberlainlaw.com
    1200 Smith, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 658-1818
    Facsimile: (713) 658-2553

**ATTORNEYS FOR DEFENDANT OMEGA PROJECT SOLUTIONS, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Defendant and Plaintiff and Opt-In Plaintiffs have conferred regarding the relief sought in this Motion.  The Motion is unopposed, and the Parties have agreed to file this Motion jointly.

*/s/ Diana Pérez Gomez*
Diana Pérez Gomez


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been served by ECF electronic filing on all counsel of record pursuant to Federal Rule of Civil Procedure 5, on March 19, 2021, to all counsel of record.

Michael A. Josephson
Andrew W. Dunlap
Richard M. Schreiber
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

*/s/ Diana Pérez Gomez*
Diana Pérez Gomez